*1172 OPINION.
Tkammell :
The $39,147.25, which forms the principal controversy in this proceeding, should, in the opinion of the Board, be restored to the capital account at December 1, 1912, as claimed by the petitioner, so that the asset account on that date will reflect the value of $100,000. The Commissioner’s refusal to restore this item was entirely due to the fact that he concluded that the balance sheet at December 1, 1912, showing the net worth of $60,852.75 correctly reflected the true situation. The petitioner has clearly overcome the Commissioner’s determination in this regard. While the petitioner is without original books and records for any period prior to May, 1915, the owners and officers of the business from its inception testified at length regarding the property and business of the corporation. We are convinced from all of the testimony that the amount claimed by the petitioner should be restored to capital account for invested capital and depreciation purposes. The values reflected by the balance sheet at December 1, 1912, were purely arbitrary and have been shown to be far less than the actual cost of the assets. The evidence shows that the actual net worth at December 1, 1912, was in excess of $118,000.
The Commissioner based his computation of petitioner’s invested capital on the net worth of -$60,852.75 as shown by the balance sheet at December 1, 1912, on the theory that the $39,147.25 written off as of that date represented depreciation of tangible assets not theretofore taken and which, to that extent, constituted a distribution of capital assets in dividends of $73,000 declared and paid from 1908 to 1912. Under the evidence this theory can not be supported. The testimony is that the dividends were paid out of surplus earnings and there is also in the record sufficient evidence to show that petitioner’s actual net worth at December 1, 1912, was in excess of $118,000 and that the excess over the amount which the petitioner seeks to restore was more than adequate to take care of the depreciation sustained to that date.
The Board is also of the opinion from all of the evidence introduced that the Commissioner was in error in holding that invested *1173 capital should be reduced for insufficient depreciation taken in the years 1913 to 1916. Wh,ile the depreciation taken by the petitioner was not on any systematic basis, it was substantial in amount and,' in view of the evidence submitted by the petitioner, we reverse the Commissioner on this point. The Commissioner has submitted no evidence which would warrant us in holding that the deductions taken by the petitioner for depreciation were not adequate. Bub-No-More Co., 1 B. T. A. 228; Cleveland Home Brewing Co., 1 B. T. A. 87.
Reviewed by the Board.

Judgment will be rendered on 15 days' notice, under Buie 50.

Siefkin did not participate.